# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM R. BEST, JR.,** | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | |
| | : | **CIVIL ACTION NO. 18-00257-KD-N** |
| **WARDEN PATRICE RICHIE,** | : | |
| **Respondent.** | : | |
| | : | |

## REPORT & RECOMMENDATION

Petitioner, William R. Best, Jr., a state prisoner currently in the custody of the Respondent Warden Patrice Ritchie, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Best challenges the validity of his 2015 convictions for Rape in the First Degree and Incest in the Circuit Court of Dallas County, Alabama. (Doc. 5). This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. Following a thorough review of the petition and record, the undersigned finds that an evidentiary hearing is not warranted.[1]

---

[1]     Because Best filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Best has failed to establish that an evidentiary hearing is warranted in this case. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

Having carefully considered Best's petition, Respondent's answer, and Best's reply, the undersigned finds that Best's petition is due to be denied. Accordingly, it is RECOMMENDED that Best's habeas petition be DENIED in its entirety, that judgment be entered in favor of Respondent and against Petitioner, William R. Best, Jr., and that if Best seeks the issuance of a certificate of appealability, his request be denied, along with any request to appeal *in forma pauperis*.

## I.   PROCEDURAL BACKGROUND AND FACTS.

On July 2, 2014, Best was charged in a four-count indictment for first-degree rape, first-degree sodomy, first-degree sexual abuse, and incest.  (Doc. 9-2 at 54-55).  Best entered a plea of not guilty and waiver of arraignment form on September 29, 2014.  (Doc. 9-2 at 57). On June 8, 2015, Best entered a "best interest" guilty plea to the charges of first-degree rape, in exchange for a 20-year sentence, and pleaded guilty to incest, in exchange for a 10-year sentence. (Doc. 9-2 at 59, 61-62).  In exchange for the guilty pleas, the charges of first-degree sodomy and first-degree sexual abuse were dismissed.  (*Id*. at 64).  Best was sentenced on June 8, 2015, to the Alabama Department of Corrections, with his sentences to run concurrently.  (Doc. 9-2 at 64-65).  Best did not appeal his convictions.  (Doc. 5 at 3).

On May 10, 2016, Best filed a petition for postconviction relief, *pro se*, pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* collaterally

attacking his guilty-plea convictions. (Doc. 9-2 at 15-43). In his Rule 32 petition, Best raised the following issues:

> (1) that his guilty plea was unknowing and unlawful (*id*. at 23-27);
>
> (2) that the indictment was legally insufficient (*id*. at 27-29);
>
> (3) that his confession was coerced (*id*. at 29-32);
>
> (4) that the prosecution failed to disclose favorable evidence in violation of *Brady (id*. at 32-33) ;
>
> (5) his convictions violated double jeopardy principles (*id*. at 33-34);
>
> (6) ineffective assistance of trial counsel (*id*. at 34-41);
>
> (7) that he was entitled to an out-of-time appeal (*id*. at 41-42); and
>
> (8) that he was denied disability accommodations, which prevented him from participating in preparation of his defense (*id*. at 42).

On May 16, 2017, Best was granted *in forma pauperis* status, and a hearing was set in the matter for September 20, 2016. (Doc. 9-2 at 7). Thereafter, the State responded to Best's petition and moved for dismissal due to failure to raise the claims at trial or on appeal in violation of Rules 32.2(a)(3) and (a)(5), respectively, and for failure to sufficiently plead his claims pursuant to Rule 32.3 and 32.6(b). (Doc. 9-2 at 50-51). The State further reasoned that Best's claims were meritless. (*Id*.).

On August 26, 2016, Best filed an "Amendment to Rule 32 Petition for Relief from Conviction or Sentence" ("Amendment to Rule 32 Petition" or "Amended Petition"), where he explicitly requested that the circuit court

replace his argument found in his original petition with the arguments listed in his amended petition.[2]  (Doc. 9-4 at 2-9).  On Spetember 15, 2016, Best filed an Addendum to Rule 32 Petition ("Addendum"), requesting that certain facts be added to his Amended Rule 32 Petition, but making no substantial alterations or additions to the Amended Petition.  (Doc. 9-2 at 116-120).

A hearing was held on September 20, 2016, where Best requested an attorney and an extension for the hearing and was informed by the court that a lawyer would be appointed for him and the hearing rescheduled for 60 or 90 days.[3] (Doc. 9-4 at 14).  However, Best was not appointed counsel, was not afforded another hearing, and on May 2, 2017, the trial court summarily denied Best's petition.  (Doc. 9-2 at 139-40, 142; Doc. 19 at 2).  The trial court, adopting verbatim the State's proposed order, found that Best's claims were precluded, insufficiently pleaded, and/or meritless.  (Doc. 9-2 at 139-40).

Best appealed the trial court's ruling to the Alabama Court of Criminal Appeals.  (Doc. 9-5).  On February 9, 2018, the Court of Criminal Appeals affirmed, by memorandum opinion, the judgment of the trial court denying Best's Rule 32 petition for postconviction relief.  (Doc. 9-7).  Best's application

---

[2]    On September 15, 2016, Best filed an "Addendum to Rule 32 Petition", which did not alter his claims.  (Doc. 9-2 116-19).

[3]    The court "agreed" that Best should be allowed counsel and stated, " I'm trying to appoint you an attorney.  I can't find anybody that wants to take this case."  (Doc. 9-4 at 13).  The court further stated, "I will appoint you a lawyer and we will see you and your lawyer in about 60 or 90 days."  (Doc. 9-4 at 14).  Thereafter, Best filed a Motion for Hearing Date, a Motion to Appoint Guardian Ad Litem, two discovery motions, and three motions regarding the status of his petition.  (Doc. 9-2 at 9-10).

for rehearing was overruled on March 2, 2018, and his application for certiorari review was denied by the Alabama Supreme Court. (Doc. 9-1 at 1). A certificate of judgment was issued on Best's Rule 32 appeal on May 11, 2018. (*Id*.).

On June 29, 2018, Best filed the instant and timely petition, pursuant to 28 U.S.C. § 2254, seeking federal habeas relief of his state court convictions, setting forth the following grounds for relief:

(1) Unlawful guilty plea due to the court's failure to conduct the plea colloquy in open court (Doc. 5 at 6, 13);

(2) Ineffective Assistance of Counsel:

a.  where counsel mislead Best as to the charges against him (Doc. 5 at 7, 14-15);

b. where counsel misinformed Best as to the consequences of his plea (Doc. 5 at 7, 15-16);

c. where counsel failed to provide Best with reasonable disability accommodations (Doc. 5 at 7, 16-17);

(3) Unlawful guilty plea where Best was not informed of the charges against him with adequate notice to prepare defense (Doc. 5 at 8, 18); and

(4) Unlawfully induced guilty plea where Best was denied reasonable accommodations for his disability (Doc. 5 at 8, 19-20).

Respondent contends that these claims are procedurally barred or provide no basis for habeas relief. (Doc. 9 at 3-15).

## II.    FEDERAL HABEAS REVIEW STANDARDS.

This Court's review of Best's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, "the role of the

federal court . . . is strictly limited." *Jones v. Walker*, 496 F.3d 1216, 1226 (11th Cir. 2007).

### A.    Merits Review.

AEDPA significantly limits the scope of federal review where the state court adjudicated a claim on the merist.  Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d).

According to subsection (1), "[a] federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152

L. Ed. 2d 914 (2002). "A state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite our opinions." *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S. Ct. 7, 157 L. Ed. 2d 263 (2003). Indeed, "a state court need not even be aware of our precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.* (internal quotes omitted).

The "clearly established Federal law" contemplated by subsection (1) "refers to the holdings, as opposed to the dicta, of [U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotes omitted); *accord Greene v. Fisher*, 565 U.S. 34, 37-38, 132 S. Ct. 38, 181 L. Ed. 2d 336 (2011). Moreover, review under Section 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011).

Importantly, "[f]or purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (internal quotes omitted, emphasis in original). Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* (internal quotes omitted). That is, "an unreasonable application

of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014) (internal quotes omitted); *Williams v. Taylor*, 529 U.S. 362, 411, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law *erroneously* or *incorrectly*.  Rather, that the application must also be *unreasonable*.").  "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (internal quotes omitted).  And "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Harrington*, 562 U.S. at 101 (internal quotes omitted).  However, "even a general standard may be applied in an unreasonable manner." *Panetti v. Quarterman*, 551 U.S. 930, 953, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).  The petitioner bears the burden of showing that the state court's ruling was contrary to, or involved an unreasonable application of, controlling Supreme Court precedent. *Harrington*, 562 U.S. at 98; *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002).

Likewise, with respect to §2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12, 134 S. Ct. 10, 15, 187 L. Ed. 2d 348 (2013) (internal quotes omitted). In other words, "if some fair-minded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . .[T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011); *see also Greene v. Fisher*, 565 U.S. 34, 132 S. Ct. 38, 181 L. Ed. 2d 336 (2011) (AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice system, and not as a means of error correction") (citations and internal quotation marks omitted); *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (AEDPA standard "is a difficult to meet ... and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt")(citations and internal quotation marks omitted); *Holsey v. Warden, Georgia Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) ("if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied") (citation omitted).

Accordingly, in evaluating a petitioner's § 2254 petition, the Court takes great care to abide by the stricture that "[a] federal court may not grant habeas

relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." *Hill v. Humphrey*, 662 F.3d 1335, 1355 (11th Cir. 2011); *see also Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286, 2012 U.S. App. LEXIS 6501 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). "If this standard is difficult to meet, that is because it was meant to be." *Holsey*, 694 F.3d at 1257 (citation omitted). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (citation and internal quotation marks omitted).

## B.    Exhaustion of State Remedies and Procedural Default Doctrine.

Section 2254 generally requires petitioners to exhaust all available state-law remedies before obtaining federal habeas review.  In that regard, "[a] petitioner must alert state law courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Lamarca v. Secretary, Dep't of Corrections*, 568 F.3d 929, 936 (11th Cir. 2009).  The exhaustion doctrine is grounded in principles of comity, *Rose v. Lundy*, 455 U.S. 509, 518, 71 L. Ed. 2d 379, 102 S. Ct. 1198 (1982), and is designed to give the state courts a full and fair opportunity to resolve federal claims before those claims are presented to the federal courts. *Castille v.*

*Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). When state remedies have not been exhausted as to federal claims, the habeas petition should be dismissed. *Id.* at 349.

"[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Lucas v. Secretary, Dep't of Corrections*, 682 F.3d 1342, 1352 (11th Cir. 2012); *see also Williams v. Allen*, 542 F.3d 1326, 1345 (11th Cir. 2008) (exhaustion requirement not satisfied unless "petitioner presented his claims to the state court such that a reasonable reader would understand each claim's ... specific factual foundation") (citation omitted). It is not sufficient "that a somewhat similar state-law claim was made." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004). Nor is it sufficient for a petitioner to present federal claims to the state trial court; rather, "the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Powell v. Allen*, 602 F.3d 1263, 1269 (11th Cir. 2010) (citation and internal marks omitted); *see also Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) ("Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") (citations and internal quotation marks omitted). In Alabama, this requires presentation to the Alabama Supreme

Court. Where a claim has not been exhausted in the state courts and the time in which to present the claim has expired, federal courts deem the claim procedurally defaulted and habeas review of the claim is precluded. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct., 2546, 115 L. Ed. 2d 640 (1991).

### C.    Overcoming a State Procedural Default.

It is well settled that "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Trevino v. Thaler*, 569 U.S. 413, 133 S.Ct. 1911, 1917, 185 L.Ed.2d 1044 (2013) (citation omitted). That said, appellate courts "repeatedly have emphasized that circumstances meriting the consideration of procedurally defaulted or barred constitutional claims are 'extremely rare' and apply only in the 'extraordinary case.'" *Rozzelle v. Secretary, Florida Dep't of Corrections*, 672 F.3d 1000, 1015 (11th Cir. 2012) (citations omitted). "[A] habeas petitioner may overcome a procedural default if he can show adequate cause and actual prejudice, or, alternatively, if the failure to consider the merits of his claim would result in a fundamental miscarriage of justice." *Borden v. Allen*, 646 F.3d 785, 808 n.26 (11th Cir. 2011); *see also Bishop v. Warden, GDCP*, 726 F.3d 1243, 1258 (11th Cir. 2013). "As a general matter, 'cause' for procedural default exists if the prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule." *Bishop*, 726 F.3d at 1258 (citations and internal quotation marks omitted); *see also McCleskey v. Zant*, 499 U.S. 467, 493-94, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) ("Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. . . . In addition, constitutionally ineffective assistance of counsel is cause.") (citations and internal marks omitted). "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Spencer v. Sec'y*, 609 F.3d 1170, 1180 (11th Cir. 2010) (citation omitted); *see also Lucas v. Warden, Georgia Diagnostic and Classification Prison*, 771 F.3d 785, 801 (11th Cir. 2014) ("For prejudice, Lucas must demonstrate a reasonable probability that his conviction or sentence would have been different ....").

As an alternative to showing cause and prejudice, a prisoner may overcome a procedural default by showing a fundamental miscarriage of justice. "For a state prisoner to establish a fundamental miscarriage of justice, he must prove that he is innocent." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (citations omitted). "To overcome procedural default through a showing of actual innocence, the petitioner must present reliable evidence ... not presented at trial such that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Rozzelle*, 672 F.3d

at 1011 (citations and internal quotation marks omitted); *see also Kuenzel v. Commissioner, Alabama Dep't of Corrections*, 690 F.3d 1311, 1314-15 (11th Cir. 2012) ("To meet the proper standard, the petitioner must show that it is *more likely than not* that *no reasonable juror* would have convicted him in light of the new evidence.") (citation omitted).

## III.    ANALYSIS.

### A.    Claims 1, 2c and 4 are Procedurally Defaulted and Barred from Federal Habeas Review.

#### 1.    Claims 2c and 4 - Failure to Provide Reasonable Disability Accommodations for Best's Vision Impairment.

In Claim 4 of his habeas petition, Best asserts that his guilty plea was "unlawfully induced and involuntary because he was denied reasonable accommodations to effectively and accurately communicate the contents of documents executed at disposition." (Doc. 5 at 8). Specifically, he contends that the "failure to provide reasonable accommodations did prevent the Petitioner from knowing relevant facts concerning his plea including the minimum and maximum sentences which could be imposed and that there was no mention of good time credit or parole eligibility consideration or that under the sentence imposed there was a mandatory minimum of years to be served prior to being eligible for parole." (Doc. 5 at 20).

In Claim 2c of his habeas peition, Best claims that trial counsel was ineffective for failing to provide reasonable accommodations for his blindness,

which progressed during his pretrial detainment, resulting in "unlawfully executed" documents. (Doc. 5 at 17). Best alleges had accommodations been made so that he could have personally read documents, he would have been aware of the charges against him and had an opportunity to present evidence in his defense. He further alleges he "would never have signed the forms had he known the minimum and maximum sentences and that the forms were not properly constructed." (*Id*. lat 17).

Turning to the state court record, Best alleges, in his original Rule 32 petition, that he was not provided reasonable accommodations for his disability which denied him the "constitutional right to know the evidence being used against him and to participate in his own defense" and expounded that trial counsel failed to "read to [him] any of the witness statements, detective notes, motions made by the prosecution or any other relevant information." (Doc. 9-2 at 42-43). In his Amendment to Rule 32 Petition for Relief from Conviction or Sentence, Best presented no argument or facts but merely alleged that he received ineffective assistance of counsel, when "(k) Defense counsel failed to provide 'reasonable accommodation' for my visual impairment with having me sign legal documents." (Doc. 9-4 at 6). The Addendum to the Rule 32 Petition added the allegation that failure of the court, prosecution, and defense counsel "to provide auxiliary aids did result in a failure to properly inform [Best] of the charges against [him] and prevented [him] from being able to participate in

[his] own defense." (Doc. 9-2 at 118). And, subsequently, on appeal, Best failed to include the claim in his brief at all.[4] (*See* Doc. 9-5).

Accordingly, the record evidences that Claim 4, as presented in this habeas petition (as an unlawful and involuntary guilty plea), has not been fairly presented to the state courts for "one complete round of the State's established appellate review process", *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), *cert. denied*, 547 U.S. 1073, 126 S. Ct. 1828, 164 L. Ed. 2d 522 (2006), as it has not been presented at all to a state court. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (A petitioner that "simply never raised a claim in state court" has not exhausted that claim.). Notably, Best is now precluded from returning to state court to exhaust this claim. *See* ALA. R. CRIM. P. 32.2(c) (establishing a one-year limitations period for filing a petition for postcoviction relief). Where state law no longer allows a petitioner to raise the claim in state court at the time the federal habeas petition is filed, then the claim is procedurally defaulted due to the failure to ever present the claim to state court. *O'Sullivan*, 526 U.S. at 848.

Also, Claim 2c (and Claim 4, to the extent it could be interpreted as asserted in Best's original Rule 32 petition) is procedurally defaulted as it was

---

[4]     In his appeal to the Alabama Court of Criminal Appeals, Best argues that his defense counsel, who "was well aware at this time [that] petitioner could not read any legal forms", caused Best to sign the Waiver of Arraignment form without informing Best that he had been indicted on additional charges. (Doc. 9-5 at 11).

abandoned on appeal.[5]  *See Lewis v. State*, CR-14-1523, 2020 Ala. Crim. App. LEXIS 34, *21, 2020 WL 2820551 (Ala. Crim. App. May 29, 2020) (Claims not raised on appeal are deemed abandoned); *Brownlee v. State,* 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ('We will not review issues not listed and argued in brief.').").

> A claim not raised or argued on appeal of the denial of a Rule 32 petition is deemed abandoned and, where abandoned, "it is unexhausted and procedurally defaulted." *Jackson, supra*, 2015 U.S. Dist. LEXIS 115368, [WL] at *9; *see also Dunkerley v. Estes*, 2014 U.S. Dist. LEXIS 92103, 2014 WL 3063563, *5 (S.D. Ala. July 7, 2014) ("The Court finds that Petitioner's fourth claim is procedurally defaulted because it was abandoned before the Alabama Court of Criminal Appeals. . . . As such, this claim is also defaulted under *O'Sullivan*."); *see Hallford v. Culliver*, 459 F.3d 1193, 1199 n. 4 (11th Cir. 2006) ("Hallford's *Brady* claim was procedurally defaulted under Alabama's procedural rules. When pursuing state post-conviction relief, Hallford did not present his *Brady* claim to the Alabama Court of Criminal Appeals. 'Claims presented in a Rule 32 petition but not pursued on appeal are deemed to be abandoned.' *Boyd v. State*, 913 So.2d 1113, 1145 (Ala.Crim.App. 2003). And failure to present the claim in state court leads to the claim being procedurally defaulted in federal court. *See Collier v. Jones*, 910 F2d 770, 772 (11th Cir. 1990) ('[W]hen a petitioner has failed to present a claim to the state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.')."), *cert. denied*, 552 U.S. 827, 128 S. Ct. 40, 169 L. Ed. 2d 39 (2007).

*Edwards v. Myers*, CA 18-0448-TFM-MU, 2019 U.S. Dist. LEXIS 95313, *47-49, 2019 WL 3329958 (S.D. Ala. June 5, 2019).   Again, this claim is

---

[5]    The Alabama Court of Criminal Appeals "note[d] that there were numerous claims that W.B. raised in his petition, but failed to reassert in his brief on appeal" and the Court deemed such claims as abandonded and did not consider them.  (Doc. 9-7 at 3).

unexhausted in the state courts and dismissal to allow Best to fully exhaust would be futile because Best is now barred by state procedural rules from presenting this claim in another postconviction proceeding.  *See* ALA. R. CRIM. P. 32.2.

Thus, Claims 2c and 4 are precluded from review here.  *See* 28 U.S.C. § 2254(b).

### 2. Claim 1 – Plea Colloquy Not Conducted in Open Court

In Claim 1, Best challenges the lawfulness of his guilty pleas, arguing his plea colloquy was not conducted in open court.  (Doc. 5 at 13).  Specifically, Best maintains that on June 8, 2015, he appeared in open court in a Dallas County, Alabama for trial.  However, the trial judge conducted a pretrial motions hearing in the law library, out of the the ear of the jury or witnesses. Following the hearing, defense counsel conferred with Best, reached a decision to enter a guilty plea, and the plea colloquy was conducted thereafter in the law library.  The victim and members of her family were brought into the courtroom law library for purposes of the Explantaion of Rights, Plea Colloquy, and Sentencing, but Best's supporters (namely, his mother) were not.  Best claims his Sixth Amendment right to a public trial and his family members' right to acces the court were violated.  (Doc. 5 at 13).

In addressing this claim, the Court of Crimimal Appeals reasoned:[6]

---

[6]    The Court relies on the opinion of the Court of Criminal Appeals, as it is the last reasoned state court decision.  *Y1st v. Nunnemaker*, 501 U.S. 797, 804, 111 S. Ct. 2590, 2595, 115 L. Ed. 2d 706 (1991).

W.B. claims that his guilty-plea proceeding was not held in open court. This claim is not properly before this court for review. W.B. maintains that he raised this claim in his original peititon. In his original petition, W.B. included in his narrative that his proceeding "was not in open court because no one who was present at the courtroom to support hom was invited in or told they could be present for the proceedings." However, in W.B.'s amended petition, W.B. explicitly asked that this statement, as a part of the narrative he listed in his original petition, be "deleted and replaced." W.B.'s amended petition did not include the present claim that he now wishes to raise on appeal. Claims that are not raised in the Rule 32 peition and subject to the trial court's review cannot be raised on appeal from denial of the petition. *Jackson v. State*, 501 So. 2d 542 (Ala. Crim. App. 1986); *Boatwright v. State*, 494 So. 2d 929 (Ala. Crim. App. 1986); *McLeod v. State*, 415 So. 2d 1232 (Ala. Crim. App. 1982). Therefore, this claim is not properly before this Court for review. Moreover, this claim is refuted by the record, which indicates that W.B.'s guilty plea proceedings were held in open court.

(Doc. 9-7 at 6-7) (internal record citations omitted).

When a state court refuses to decide a federal claim on state procedural

grounds, the federal habeas court is generally precluded from reviewing the

---

Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*[ *v. Thompson*, 501 U.S. 722, 738, 111 S. Ct., 2546, 115 L. Ed. 2d 640 (1991)], we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

501 U.S. at 803. "[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061, 115 S. Ct. 673, 130 L. Ed. 2d 606 (1994).

claim at all. *See*, *e.g., Williams v. Alabama*, 791 F.3d 1267, 1273 (11th Cir. 2015) ("[I]t is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.") (citation omitted); *Conner v. Hall*, 645 F.3d 1277, 1287 (11th Cir. 2011) ("a federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). In order for the procedural ruling to bar federal habeas review, the state court's procedural ruling must constitute an independent and adequate state rule of decision, meaning: (1) "the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim;" (2) "the state court decision must rest solidly on state law grounds;" and (3) "the state procedural rule must be adequate; *i.e.*, it may not be applied in ann arbitrary or unprecedented fashion." *Boyd v. Comm'r, Ala. DOC*, 697 F.3d 1320, 1336 (11th Cir. 2012) (citations omitted). Here, the Alabama Court of Criminal Appeals plainly stated that Best's Claim 1 was was precluded from appellate review because it was not raised in Best's Rule 32 petition, because Best abandoned it by deleting it in his Amended Petition; thus, Claim 1 was procedurally barred from review on state law grounds. *See., e.g., Boyd*, 697 F.3d at 1336 (discussing "quintessential procedural bar" language used by

state courts).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. 722, 750.

### 3.  Overcoming Procedural Default of Claims 1, 2c, and 4.

Best invokes the cause and prejudice standard in an effort to overcome his procedural default. Best puts forth a two-fold argument.  First, Best asserts that his Amendment to Rule 32 Petition, on which the state courts relied in deciding his postconviction claims, was invalid and not intended to be an amended petition. (Doc. 19 at 4-5).  Second, Best asserts that but for the "trial court's failure to appoint counsel as a statutory right and/or conduct a new evidentiary hearing" (*id*. at 2), as it stated it would on September 20, 2016, the pleading defects would have been cured (as counsel would have filed an amended petition or he would "withdrawn the proposed amendment pending before trial court" and "filed a new proposed amendment"). (*Id*. at 8-9).  The Court finds these arguments unpersuasive based on Alabama law.

 While Alabama does not permit amendments to Rule 32 petitions as a matter of right, the law is clear that amendments "may be permitted at any stage of the proceedings prior to the entrty of judgment," ALA. R. CRIM. P.

32.7(b), and "[l]eave to amend shall be freely granted." ALA. R. CRIM. P. 32.7(d).

In interpreting the rule, the Alabama courts have stated:

> Amendments should be freely allowed and . . . trial judges must be given discretion to allow or refuse amendments . . . . The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial. <u>The grant or denial of leave to amend is a matter within the sound discretion of the trial judge</u> . . . .

*Boyd v. Comm'r Ala. DOC*, 697 F.3d 1320, 1337 (11th Cir. 2012) (quoting *Talley v. State*, 8-2, So. 2d 1106, 1107-08 (Ala. Crim. App. 2001). Review of Alabama law indicates that "it is clear that only grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition.*" Ingram v. State,* 103 So. 3d 86, 94 (Ala. Crim. App. 2012) (quoting *Ex parte Rhone*, 900 So. 2d 455, 458 (Ala. 2004). "[T]he concepts of 'undue delay' and 'undue prejudice'" have been applied "to the trial court's management of its docket and to the petitioner's attention to his or her case." *Ex parte Jenkins*, 972 So.2d 159, 164 (2005) (noting that "the right to amend is limited by the trial court's discretion to refuse to allow an amendment if the trial court finds that the petitioner has unduly delayed filing the amendment or that an amendment unduly prejudices the State"). "In short, under Alabama law, a trial court has the discretion to grant or deny leave to amend; these amendments should be freely granted. . . ." *Boyd*, 697 F.3d at 1337-38.

Turning to the record, Best filed the pleading titled "Amendment to Rule 32 Petition for Relief from Conviction or Sentence" requesting the following:

> Comes now the Petitioner in the above styled cause and requests his Rule 32 Petition for Relief from Conviction or Sentence be amended as follows:
>
> The entire narrative titled supporting facts under Section A. Subsection 1. Conviction obtained by plea of guilty which was unlawfully induced . . . should be deleted and replaced with the following. . .

(Doc. 9-4 at 2).   In virtually verbatim paragraphs, Best goes on to specify that the narrative portions of his original Rule 32 petition be "deleted and replaced" for claim 1 (docs. 9-2 at 23; 9-4 at 2-3), claim 2 (docs. 9-2 at 27; 9-4 at 2), claim 3 (docs. 9-2 at 29; 9-4 at 3-4), claim 4 (docs. 9-2 at 32; 9-4 at 4-5), claim 5 (docs. 9-2 at 33; 9-4 at 5), claim 6 (docs. 9-2 at 34; 9-4 at 5-6), and claim 8 (docs. 9-2 at 42; 9-4 at 7-8), effectually deleting all supporting facts for the claims asserted in his original Rule 32 Petition.   Thereafter, five days before the September 20, 2016 hearing, Best filed an Addendum to Rule 32 Petition, stating:

> Comes now the Petition William Best, and submits the following grounds to be added to his previously submitted and Amended Rule 32 Petition for Relief form Conviction or Sentence.

(Doc. 9-2 at 116-129).

Under Alabama law, Best was permitted to amend his petition given the early stage of the proceedings and the lack of any delay or prejudice to the State.   Therefore, Best's failure to formally seek leave of court to amend is irrelevant.   A reading of the Amendment to Rule 32 Petition reveals that the

pleading was intended to be an amended petition, and the record further supports that all parties proceeded with this understanding (including Best based on the language used in his Addendum to Amendment to Rule 32 Petition).   Accordingly, the Amendment to Rule 32 Petition became the operative petition. *Cf.*, *Smith v. State*, 160 So. 3d 40, 48 (Ala. Crim. App. 2010) (an amended Rule 32 petition supersedes the previously filed petition and becomes the operative pleading if the amended petition "was clearly intended to replace the original petition"). Thus, it can only be said that Best received the benefit of amending his petition (with out seeking leave of court), notwithstanding that he now believes he should not have received it.

Review of the operative Rule 32 petition (and addendum) evidences unsupported, nonspecific allegations which failed to state a claim.  Pursuant to Alabama law, such petitions may be dismissed.  *See* ALA. CODE § 32.7(d). Therefore, Best was not entitled to an evidentiary hearing, ALA. CRIM. P.

32.6(a),[7] or court appointed counsel.[8]  *McMillian v. State*, 258 So. 3d 1154, (Ala.

Crim. App. 2017) ("The right to counsel does not extend to postconviction

---

[7]     Rule 32.6(b) requires that the *petition* itself disclose the *facts* relied upon in seeking relief.' *Boyd v. State*, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a *conclusion* 'which, if true, entitle[s] the petitioner to relief.' *Lancaster v. State*, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of *facts* in pleading which, if true, entitles a petitioner to relief. After *facts* are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those *alleged facts*.

*Boyd v. State*, 913 So. 2d 1113, 1125 (Ala. Crim. App. 2003).

[8]     In explaining that states are not required to provide counsel during postconviction proceedings, the United States Supreme Court has held:

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. *See Fay v. Noia*, 372 U.S. 391, 423-424, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, *cf. United States v. MacCollom*, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090-2091, 48 L.Ed.2d 666 (1976) (plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

*Pennsylvania v. Finley*, 481 U.S. 551, 556-57, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

The Court further notes that Best sought appointment of counsel on the premise that he was legally blind in his left eye, and his visual impairment affected his "ability to read and write to the degree that it would be impossible for him to adequately represent himself in the proceding[s]. . . ." (Doc. 9-2 at 80-81).  However, Best went on to file no less than 15 other documents with the court from August 15, 2015 (the date he filed his Motion for Appointment of Counsel) and the date his Rule 32 Petition was dismissed, May 22, 2017. (Doc. 9-2 at 8-10).  The Court also takes judicial notice of its records which

proceedings."). Accordingly, Best has failed to establish cause for his procedural default.

Neither has Best shown prejudice, as the record reveals his claims lack merit. Based on the transcript of Best's plea colloquy, Best's guilty plea was entered in open court, with a witnesses observing (which included the victim, to whom Best apologized). (Doc. 9-2 at 162-200; Doc. 9-3). The record further supports that Best received reasonable accommodations for his visual impairment throughout his criminal proceedings, including that counsel wrote letters to him in large font, trial strategy and issues were orally discussed with him, legal documents were read to him, counsel arranged healthcare assessments for him, and counsel requested housing with better lighting to accommodate Best's disability. (Doc. 5 at 16, 19). Notably, Best has failed to show that but for counsel's failure to provide (unspecified) accommodations for his visual impairment, he would not have pleaded guilty. *See Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (In order to establish a claim of ineffective assistance of counsel, petitioner is required to

---

evidence that on November 29, 2016, Best initiated a civil rights action, pursuant to 42 U.S.C. § 1983, regarding his medical treatment and resulting vision loss that occurred while detained in the Dallas County, Alabama Jail. *See* U.S. District Court, S.D. Ala., Case No. 17-cv-042-CG-N; *see also Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (At its discretion, a court may take judicial notice of documents filed in other judicial proceedings, bexause they are public documents.); *In re Delta Resources, Inc.*, 54 F.3d 722, 725 (11th Cir. 1995) (same). Moreover, Best, as a *pro se* plaintiff, was able to effectively establish his claim to survive summary judgment. *See* Doc. 82, Case No. 17-cv-042-CG-N.

show (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different.).[9]  And, although Best makes the conclusory allegation that he "would never have signed the [guilty plea] forms had he known the minimum and maximum sentences and that the forms were not properly constructed" (*id.* lat 17), the record supports that Best was aware of the charges and prison sentence he faced.[10]  Accordingly, Best has failed to show that his guilty plea

---

[9]    The *Strickland v. Washington* standard for evaluating ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

[10]    Best executed both a Plea Agreement and Explanation of Rights and Plea of Guilty.  These documents stipulate the charges to which Best pleaded guilty, as well as the possible sentence ranges, and the State's recommended sentence; void from the documents is any mention or promise of good time credit or parole eligibility. (Doc. 9-2 at 59, 61).  Furthermore, Best acknowledge to the court, when entering his guilty plea, that he understood the terms of the plea and sentence:

> THE COURT:            Mr. Best, I understand your condition in terms of unable to see, but I'm placing before you a document called Explanation of Rights and Plea of Guilty form that you and your lawyers have gone over.  You are representing to the Court that you and your lawyers have gone over this document?
>
> MR. RUSSELL:    This is one I read to you, Bill.
>
> MR. BEST:        What I signed?
>
> MR. RUSSELL:    I see your signature at the bottom, and because you're blind, I had to read every word of it to you.  I did not read the parts that didn't apply to you like what misdemeanors would charge or Class B felonies would charge, but we went over every word of it,  and Mr. Greene was  here, and that was done just a minute ago.  You do recall that?

was entered unknowingly or involuntarily. *See LoConte v. Dugger,* 847 F.2d

745, 751 (11th Cir.) ("In order for a guilty plea to be entered knowingly and

intelligently, the defendant must have not only the mental competence to

understand and appreciate the nature and consequences of his plea but he also

must be reasonably informed of the charges against him, the factual basis

underlying those charges, and the legal options and alternatives that are

available.") (citations omitted), *cert. denied*, 488 U.S. 958, 109 S. Ct. 397, 102

L. Ed. 2d 386 (1988).

Thus, it is **RECOMMENDED** that habeas relief for **Claims 1, 2c, and**

**4** be **DENIED**, as Claims 1, 2c, and 4 are barred from federal review.

### B. Claims 2a, 2b, and 3 are Meritless and Habeas Relief should be Denied.

For purposes of this Court's § 2554 analysis, it must be determined if

Claims 2a, 2b, and 3 raised by Best in the state courts of Alabama were decided

on the merits.[11] The record reflects that the state courts determined Best was

---

| MR BEST: | Yes. |
|---|---|
| MR. RUSSELL: | And we did not force you in any way to do this? |
| MR. BEST: | No. |

(Doc. 9-2 at 198-99).

[11] In petitioning the Alabama Supreme Court, Best alleged that the Alabama Court of Criminal Appeals erred in holding that Claims I, II, and III were properly summarily dismissed. (Doc. 9-8 at 3). Claim I before the Alabama Court of Criminal Appeals was that Best was not properly advised of the charges against him in a timely manner that would allow him to have adequate time to prepare his defense (doc. 9-7 at 3) – this represents Claim 3

not entitled to relief on these claims because the claims were insufficiently pleaded pursuant to Rule 32.6(b) of the *Alabama Rules of Criminial Procedure*. (*See* Doc. 9-7 at 3-6). The Eleventh Circuit has recognized that adjudications under Rule 32.6(b) of the *Alabama Rules of Criminal Procedure* constitute "merits" adjudications. *Borden v. Allen*, 646 F.3d 785, 816 (11th Cir. 2011) ("[A]n Alabama court's consideration of the sufficiency of the pleadings concerning a federal constitutional claim contained in a Rule 32 petition [under Rule 32.6(b)] necessarily entails a determination on the merits of the underlying claim; we cannot construe such a rule to be a state procedural bar that would preclude our review."), *cert. denied sub nom. Borden v. Thomas,* 566 U.S. 941, 132 S. Ct. 1910, 182 L. Ed. 2d 778 (2012); *see also Frazier v. Bouchard,* 661 F.3d 519, 525 (11th Cir. 2011) ("[B]ecause a dismissal under Rule 32.7(d) for failure to sufficiently plead a claim under Rule 32.6(b) requires an evaluation of the merits of the underlying federal claim, the Court of Criminal Appeal's determination was insufficiently 'independent' to foreclose federal habeas review. . . . [T]he determination that adjudications under Rules 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure are on the merits comports with this court's precedent."), *cert. denied sub nom. Frazier v.*

---

in Best's habeas petition. Claim II before the Alabama Court of Criminial Appeals was that Best's trial counsel was ineffective because (a) counsel failed to inform him that the charges against him had changed since the time he was arrested; (b) counsel waived arraignment without W.B.'s consent; and (c) counsel misinformed him regarding the consequences of his guilty plea (doc. 9-7 at 4) – in Best's habeas petition, this encompasses Claims 2a and 2b.

*Thomas,* 568 U.S. 833, 133 S. Ct. 410, 184 L. Ed. 2d 58 (2012).  Therefore, with respect to Best's Claims 2a, 2b, and 3 the inquiry turns upon whether the state decision was "contrary to" or an "unreasonable application" of clearly established federal law or that it was based on an unreasonable application of the facts in light of the record before the court.  28 U.S.C. § 2254(d)(1), (2); *see also Spencer v. Sec'y, Dep't of Corrs.*, 609 F.3d 1170, 1177-78 (11th Cir. 2010*), cert. denied,* __ U.S. __, 131 S. Ct. 1049, 178 L. Ed. 2d 869 (2011) (explaining the "contrary to" and "unreasonable application" standards).

### 1.  Ineffective Assistance of Counsel Claims.

The Sixth Amendment of the Constitution guarantees every accused "the right . . . to have Assistance of counsel for his defense."  U.S. Const. amend. VI.  To establish an ineffective assistance claim under the Sixth Amendment, a petitioner must make both showings of the two-prong standard, discussed in *Strickland v. Washington*, that has been adopted by the Supreme Court for evaluating claims of ineffective assistance of counsel.  *Strickland*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  That is, "[a] petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."  *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing *Strickland*, 466 U.S. at 687).  Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the *Strickland* test "are free to dispose of ineffectiveness

claims on either of [*Strickland's*] two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).

In order to satisfy the "performance" prong of the *Strickland* test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. That is, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F. 3d 1051, 1053 (11th Cir. 1999) (citations omitted). Thus, the petitioner has a difficult burden as to be considered unreasonable, "the performance must be such that 'no competent counsel would have taken the action that [the petitioner's] counsel did take.'" *Ball v. United States*, 271 F. App'x 880 (11th Cir. 2008) (citations omitted).

The petitioner must also satisfy the "prejudice" prong of the *Strickland* test. To that end, the petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The petitioner "must affirmatively prove prejudice because '[a]ttorney errors come

in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.'" *Butcher v. United States*, 368 F.3d 1290, 1293, 95 F. App'x 1290 (11th Cir. 2004) (citations omitted). Further, it is not enough to satisfy the prejudice prong to merely show that the alleged errors affected the case in some imaginable way. *See id.* at 1293-1294. ("[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice") (quoting *Strickland*, 466 U.S. at 693) (internal quotation marks omitted). Thus, "under the exacting rules and presumptions set forth in *Strickland*, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Windom v. Sec'y, Dep't of Corr.*, 578 F.3d 1227, 1248 (citations omitted).

Pursuant to *Strickland,* "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 689 (citation omitted). "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id*. "Surmounting *Strickland's* high bar is never an easy task", *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), but it is even more daunting in the habeas context where state courts have adjudicated the ineffective assistance claim on the

merits in post-conviction proceedings, as is the case here, making § 2254(d) applicable. The question now is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)(emphasis added). The "strategic choices [of counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," while those "made after a less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigation." *Strickland*, 466 U.S. at 690-91.

The two-part *Strickland* "test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of guilty pleas, the first prong of the *Strickland* test requires the standard analysis of attorney competence. *Id.*

> The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* at 59.

### a. Claim 2a - Trial Counsel Mislead Best Concerning the Charges Against Him.

On April 8, 2014, Best was arrested on charges of second-degree rape and second-degree sodomy (which each carry a maximum sentence of 20-years imprisonment) and incest (which carries a maximum sentence of 10 years imprisonment).[12] Best alleges on July 2, 2014, a local news broadcast aired that he had been indicted with charges that carried possible consecutive life sentences. Best claims he contacted defense counsel and was assured that he faced no charges imposing more than a 20-year sentence. On or about August 29, 2014, on the advise of counsel, Best waived his right to an arraignment, without knowing that he had been indicted on charges of first-degree rape, first-degree sodomy, first-degree sexual abuse, and incest (with the crimes of first degee rape and sodomy carrying maximum penalties of life imprisonment).[13] On June 4, 2015, four days before trial, Best learned of the first degree charges and penalties he faced. Best alleges his constitutional right to know the nature of the charges against him, with adequate time to

---

[12]    *Compare* Ala. Code §§ 13A-6-62, 13A-6-62, classifying second degree rape and sodomy, respectively, as Class B felonies to § 13A-5-6, designating prison sentences of not more than 20 years or less than 2 years. § 13A-5-6(a)(2). Also, incest, a violation of § 13A-13-3, a Class C felony carries a penalty of not more than 10 years or less than 1 year and 1 day. *See* § 13A-5-6(a)(3).

[13]    *Compare* Ala. Code §§ 13A-6-61, 13A-6-63, classifying first degree rape and sodomy, respectively, as Class A felonies, to § 13A-5-6(a)(1), designating life or not more than 99 years or less than 10 years imprisonment for conviction of Class A felonies. Furthermore, the crimes of first degree sexual abuse, § 13A-6-66, and incest, § 13A-13-3, are classified as Class C felonies and punishable by not more than 10 years or less than 1 year and 1 day imprisonment. § 13A-5-6(a)(3).

prepare a defense, was violated by defense counsel's failure to inform him of the indicted charges.  (Doc. 5 at 14).

The focus on § 2554(d)(1) review is "on what a state court knew and did. State-court decisions are measured against [United States Supreme] Court's precedents as of 'the time the state court renders its decision.'"  *Cullen v. Pinholster*, 563 U.S. 170, 182, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2554(d)(1) on the record that was before that state court."  *Id*. at 185.  Thus, we turn to the Alabama Court of Criminal Appeals' opinion.  In addressing this claim, the Alabama Court of Criminal Appeals reasoned:

> To the extent that W.B. Claims that his counsel was ineffective because his counsel failed to inform him that the charges against him had changed since the time of his arrest, this claim was insufficiently pleaded.   In W.B.'s amended petition, W.B.'s argument consisted entirely of the following statement: "Defense counsel misinformed me concerning the charges for which I was indicted."   W.B.'s petition failed to state any specific facts to support his allegation, including what information defense counsel told him regarding the charges against him, how defense counsel's statements affected his decision to plead guilty, or when defense counsel allegedly provided W.B. with said misinformation. Accordingly, this claim was properly summarily dismissed by the circuit court as insufficiently pleaded.  *See Hyde*, 950 So. 2d at 355-56; *see also* Rules 32.3 and 32.6(b), Ala. R. Crim. P.

(Doc. 9-7 at 5-6) (internal record citations omitted).

The clearly established federal law here is *Strickland v. Washington*. Accordingly, Best must establish that counsel's performance was deficient and

that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Review of the state court record reveals that Best failed to allege facts sufficient to show that counsel's performance was objectively unreasonable or caused prejudice to his guilty plea. As held by the Alabama courts, Best does not provide any factual details which describe what counsel told him, how the information affected him, and, importantly, that he would have proceeded to trial had counsel informed him of the indicted charges earlier. Therefore, Best has failed to demonstrate that the Alabama court's decision was contrary to or an unreasonable application of clearly established federal law or an unreasonable application of the facts.

Additionally, Best's claim is meritless. In support of his allegation, Best insinuates that counsel's advice to waive arraignment was for the purpose of preventing Best from knowing the charges against him; yet, Best concedes that counsel's decision was strategic to "avoid potentially harmful media exposure and open the door to begin plea negotions." (Doc. 5 at 15). Best then claims that counsel prevented him for knowing the indicted charges by failing to provide Best a copy of the state's initial plea agreement; however, Best admits that counsel "had not provided the petitioner with a copy of the proposed plea agreement becuase the petitioner 'could not read it anyways.'" (*Id.*). Lastly, counsel's reaction to Best learning of the indicted charges on June 4, 2015, is

contradictory to that of someone purposefully hiding information. Specifically, Best claims that when the first degree charges were revealed to him, "Attorney Russell stated he did not know why the state had not informed the petitioner. He also stated that the failure to do so was a possible issue for the purpose of appeal." (*Id.*). The record is void of facts indicating that counsel's performance was objectively unreasonable nor that any omission by counsel prejudiced Best; specifically, Best does not allege and the facts do not support that had counsel informed Best of the charges he faced earlier than June 4, 2015, that Best would not have pleaded guilty and would have gone to trial.

Thus, it is **RECOMMENDED** that habeas relief be **DENIED** as to **CLAIM 2a**.

### b. Claim 2b - Trial Counsel Misinformed Best Concerning the Proposed Sentence.

Best alleges in his habeas petition that defense counsel misinformed him regarding "good time" credit and parole eligibility causing his guilty plea to be unknowing and unconstitutional. Best claims, "[w]ithout Attorney Russell's false information the petition would never have accepted the proposed plea agreement because on February 12, 2015, Dr. Brendan Wyatt informed him that he would likely not survive more than five years." (Doc. 5 at 16).

According to Best, counsel informed him at the time he signed the waiver of arraignment that he would try to get the state to drop the "other charges" in exchange for a guilty plea to the incest charge and that "he would

be content" with a 20-year prison sentence. (Doc. 5 at 15). Best alleges he objected to counsel's plan because Best did not believe he would survive a 20 year sentence due to his physical health. Counsel informed Best at that time that he would not serve the full sentence of 20 years but "would receive good time credit and only serve about seven years" and "would be eligible for parole consideration" before that time. (Doc. 5 at 16). Once imprisoned, Best claims he learned that he his release date was June 2035 and that he would have to serve approximately 15 years in prison before becoming eligible for parole.

In addressing this claim, the Alabama Court of Criminal Appeals reasoned:

> Likewise, W.B. also contends that his counsel was ineffective because his trial counsel misinformed him regarding the consequences of his guilty plea. In his amended petition, W.B. stated that his counsel "misinformed him concerning 'good time' credit application to his sentence" and that his counsel "mislead him about parole consideration." These statements, without more, lack the specificity required to meet W.B.'s burden of pleading in regards to this claim. Accordingly, this claim was properly summarily dismissed.

(Doc. 9-7 at 6) (internal record citations omitted). Review of the state court record demonstrates the appellate court's opinion was not contrary to or an unreasonable application of federal law, nor an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S. C. § 2254(d)(1), (2), as Best's allegations fall far short of the *Strickland* standard.

> The Sixth Amendment guarantees a defendant the effective assistance of counsel at "critical stages of a criminal proceeding," including when he enters a guilty plea. *Lafler* v. *Cooper*, 566 U. S. 156, 165, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Hill*, 474 U.

S., at 58, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203. To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland*, 466 U. S., at 688, 692, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Lee v. United States*, __ U.S. __, 137 S. Ct. 1958, 1964, 198 L. Ed. 2d 476, 484 (2017). The U.S. Supreme Court explained in *Lee*, that where counsel's error caused a defendant to accept a guilty plea, the 'deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself.' *Id.* (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). In such cases, courts are to "consider whether the defendant was prejudiced by the 'denial of the entire judicial proceeding . . . to which he had a right.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 483). The Court maintains that a defendant who enters a guilty plea due to counsel's deficient performance must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial", *Hill*, 474 U.S. at 59, not that he would have been better off going to trial. *Lee*, 137 St. Ct. at 1965.[14]

---

[14]    In *Lee*, the defendant argued he never would have accepted a guilty plea had he known that he would be deported as a result. Instead, Lee insists he would have gambled on trial risking more jail time for whaterver small chance there might have been of an acquittal that would have allowed him to remain in the United States. The government argued that since Lee had no viable defense at trial, he would have lost and received a lengthier sentence and most certainly have been subject to deportation. The government contended that Lee could not argue prejudice from accepting a plea where his only hope at trial was that something unexpected and unpredictable misht occur that would lead to an acquittal. The Court reasoned that "[t]he decision whether to plead guilty

Supreme Court precedent, in the context of pleas, has distinguished between claims related to the prospects on the underlying charges and claims related to resulting consequences from the plea. *See [Hill,* 474 U.S. at 59]. Where the ineffective assistance claim relates to a defendant's prospects of success on the underlying charges against her and those are affected by the attorney's error, the inquiry includes whether she would have been better off going to trial—i.e., requiring predictions regarding the ultimate outcome. *See Lee,* 137 S. Ct. at 1965; *Premo v. Moore,* 562 U.S. 115, 126-27, 132, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011); *Hill,* 474 U.S. at 59. Where the claim relates to the consequences of the plea—as was the case in *Lee*—the claim may not turn solely on the likelihood of the outcome resulting from a trial. 137 S. Ct. at 1966. Under either claim, the prejudice inquiry requires a case-specific review of the record. *See, e.g., id.* at 1966-69.

*Schwartz . Sec'y, Fla. Dep't of Corr.,* 2021 U.S. App. LEXIS, *11-12 (11th Cir. Jan. 20, 2021).

The state court record shows that Best alleged in his Amended Rule 32 Petiton (the operative petition for reasons previously discussed) only that "defense counsel misinformed me concerning 'good time' credit application to sentence" and "I was told I would receive 'Three' life sentences if I took it to trial". (Doc. 9-4 at 6). Without more, such allegations are simply insufficient to establish the necessary *Strickland* prongs. Importantly, Best fails to explain what the "misinformation" was or to what extent it affected his acceptance of the guilty plea offer. Specifically, Best does not establish that he would not have accepted the guilty plea but for counsel's misinformed sentencing advice. On the contrary, Best's Amended Petition allegations suggest that he

---

[] involves assessing the respective consequences of a conviction after trial and by plea", and even the smallest chance of success at trial may look attractive. *Lee,* 137 S. Ct. at 1965.

reasonably determined the plea bargin to be in his best interest to avoid the possibility of facing impending life sentences. *Cf.*, *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010) (The petitioner must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."). For these reasons, the state court decision was not contrary to or an unreasonable application of federal law, § 2254(d)(1), or an unreasonable application of the law in light of the facts, § 2254(d)(2).

Furthermore, the claim is meritless. First, Best fails to show that counsel's performance was objectively unreasonable, as no facts suggest that counsel misinformed Best of his potential sentence during the plea negations. Notably, Best alleges that in August 2014, counsel informed Best that he wanted to strike a deal with the State allowing Best to plead guilty to the single charge of incest (a Class C felony) in exchange for a 20 year sentence and all other charges being dropped. However, such an agreement was not reached, and Best ultimately plead guilty almost a year later to two charges, First Degree Rape (a Class A felony) and Incest (a Class C felony). Best provides no specifics facts relating to being advised of parole eligibility as to these two charges. Instead, the facts put forth by Best show that at the pretrial hearing, all motions were granted in favor of the State (doc. 9-2 at 38), that the evidence was solidly in the State's favor, including Best's confession, DNA evidence, and an interview with the victim (*id.* at 167, 182-192), and that counsel informed Best that if he went to trial, he would lose, and Best would receive three life

sentences to be served consecutively. (*Id*. at 38). Cousnel further informed Best that in their experience, "even one life sentence in a case like [Best's] was in fact a life sentence." (*Id*.). Best claims "in light of all this **and** in light of previous conversations I had with Mr. Russell about 'good time' and parole eligibility, I decided against my wishes to enter a plea of guilty." (*Id*. at 38-39) (emphasis added). Best alleges, "[l]ater that afternoon when I had time to think, I realized I had agreed to a plea which I deeply regrated. I realized that for me a twenty-year sentence was a life sentence because with the advanced stage of my diabetes, I would not live twenty years." (*Id*. at 39).

These facts indicate "buyer's remorse"; they do not evidence that Best would have opted to go to trial but for counsel's parole eligibility advice (given in August 2014) in relation to a guilty plea to the charge of Incest.

Accordingly, it is **RECOMMENDED** that habeas relief be **DENIED** as to Claim 2b.

## 2. Claim 3 – Guilty Plea was Unlawful because Best was Not Informed of Charges in Time to Prepare Defense.

Best alleges in Claim 3 that he was arrested on April 8, 2014, on charges of second degree rape, second degree sodomy, and incest, "due to the age of the victim, which was alleged to be as young as thirteen." (Doc. 5 at 18). Subsequently, however, on July 2, 2014, Best was indicted on first degree charges of rape, sodomy, and sexual abuse, and incest. Best claims he was not informed of these first degree charges until four days before his trial, thereby denying his constitutional right to adequately prepare his defense. (Doc. 5 at

18).  Best raised this as Issue 1 in his state court appeal.  In addressing this

claim, the Court of Criminal Appeals reasoned:

> In W.B.'s amended petition, he explicity requested that the circuit
> court replace his argument found in his original petition with the
> arguments listed in his amened petition.  In his amended petition,
> W.B. merely alleged that he was not properly informed of the
> charges against him.  W.B. failed to state any specific facts to
> support his conclusion, such as when he was informed of the
> amended charges against him or how his failure to be informed
> actually affected his decision to plead guilty.  Although W.B.
> includes more specific facts in support of his claim in his brief on
> appeal, those facts are not properly before this Court and will not
> be considered because they were not included in W.B.'s petition.
> *See*, e.g., *Bearden v. State*, 825 So.2d 868, 872 (Ala. Crim. App.
> 2001) ("Although Bearden attempts to include more specific facts
> regarding his claims of ineffective assistance of counsel in his
> brief to this Court, those allegations are not properly before this
> Court for review because Bearden did not include them in his
> original peitition before the circuit court.").  Therefore, because
> W.B.'s petition contained merely a bare allegation without
> specific facts to support his contention, the circuit court properly
> dismissed this claim as insufficiently pleaded.  *See Boyd*, 913 So.
> 2d at 1125-26.  *See also* Rules 32.3 and 32.6(b), Ala. R. Crim. P.

(Doc. 9-7 at 4) (internal record citations omitted).

The Sixth Amendment guarantees every defendant the right to be

informed of the government's accusations against him.  *Russell v. United States*,

369 U.S. 749, 761, 82 S. Ct. 1038, 1045, 8 L. Ed. 2d 240 (1962).  Implicit with

the provisions of the 6th Amendment and due process is the requirement that

the accused (including his counsel) have a reasonable time to investigate,

prepare and present a defense.  *See United States v. Jeri*, 869 F.3d 1247, 1257

(11th Cir. 201)).  The reasonableness of time necessary must be determined

upon the circumstances of each case.  *Id.* (citing *Ungar v. Sarafite*, 376 U.S.

575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)).  A liberal review of Best's Amended Petition reveals that Best put forth three allegations: "(1) I was arrested on second degree charges and indicted on first degree charges; (2) The burden of proof and evidence needed to defend against the element of 'forcible compulsion' is significantly different than that contained in and required by second degree rape and second degree sodomy; (3) I was never informed by the prosecution, any law enforcement officer or any agent thereof of any first degree charges."[15] (Doc. 9-4 at 3).  As reasoned by the state court, these statements do not fully disclose a factual basis for relief.  For instance, there is no mention of an inability to prepare his defense.  There is no suggestion that the late notice of the indicted charges affected his decision to plead guilty or prejudiced him in any way.  And, there is no indication that he did not understand the elements of the first degree charges when he entered his guilty plea.  Accordingly, Best fails to establish that the state court's decision was an unreasonable determination of the facts in light of the evidence presented in his Amended Petition. § 2554(d)(2).

Additionally, Claim 3 lacks merit.  Here, Best was represented by counsel but does not allege that his counsel did not have adequate time to

---

[15]     Likewise, Best's Addendum alleges: "(1) I was arrested on charges of Rape II, Sodomy II, and Incest on April 8, 2014;  (2) I was indicted on charges of First Degree Rape by forcible compulsion, First Degree Sodomy by forcible compulsion, First Degree Sexual Abuse by forcible compulsion, and incest in July 2014; (3) The charges I was indicted on are significantly different from those I was arrested on in the burden of proof and evidence needed to defend." (Doc. 9-2 at 116-117).

prepare.  In fact, the record confirms the opposite - defense counsel had been in preparation for trial and even accessed the victim's interview before the State ever saw it.  (Doc. 9-2 at 187-188).  Best does not allege that he asked counsel for more time to prepare, and, it can only be presumed that counsel would have requested a continuance had he felt additional time was needed to properly advise Best or prepare for trial.  Nor does Best demonostrate how a continuance or more time would have resulted in him not pleading guilty.

To the extent Best argues that had he learned of the indicted charges earlier, he could have proven the nonexistence of "forcible compulsion", a necessary element for the first degree charges, his claim fails.  Best insinuates "forcible compulsion" requires a showing of physical force, which he claims was lacking; however, in Alabama "forcible compulsion" can be expressed or implied.  ALA. CODE § 13A-6-60(8).  Applicable to Best, when the sexual offense involves a child victim and parent, as here, the general fear of a parent (or someone in a position of authority) can suffice as the "force necessary to support a first degree rape conviction.  *Powe v. State*, 597 So. 2d 721 (Ala. 1991) ("A jury could reasonably infer that [the father] held a position of  authority and domination with regard to his daughter sufficient to allow the inference of an implied threat to her if she refused to comply with his demands.").  The record clearly substantiates that Best executed a confession upon his arrest describing and admitting to sexual acts with his stepdaughter that was "certainly a confession to rape in the second degree" and could be seen by the

jury as a confession to first degree rape.  (Doc. 9-2 at 197-98).  Also, because
Best entered a guilty plea, he must show that his plea was entered
unknowingly or unvoluntarily to assert this pre-plea claim.

It is well settled that a guilty plea admits all elements of a formal
criminal charge and waives a multitude of federal constitutional rights.  *Tollett
v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); *see
also United States v. Fairchild*, 803 F.2d 1121, 1124 (11 th Cir. 1986) ("A guilty
plea, since it admits all the elements of a formal criminal charge, waives all
nonjurisdictional defects in the proceedings against a defendant.").   The
Supreme Court has explained,

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process. When a criminal
> defendant has solemnly admitted in open court that he is in fact guilty of the
> offense with which he is charged, he may not thereafter raise
> independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 269.  The entered guilty plea, however, must be knowing,
voluntary, and intelligent.  *See Brady v. United States*, 397 U.S. 742, 747-48,
90 S. Ct. 1463, 25 L. Ed. 2d 747 nn. 4-6 (1970) (collecting cases).  A guilty plea
cannot be intelligent unless the defendant first receives "real notice of the true
nature of the charge against him, the first and most universally recognized
requirement of due process." *Bousely v. United States*, 523 U.S. 614, 618, 118
S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (internal quoation omitted).  In order for
a plea to be deemed invalid on this basis, the defendant must show that he had
"such an incomplete understanding of the charge that his plea cannot stand as

an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645, n.13, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976). Best does not and cannot carry this burden. There are simply no facts to suggest that Best did not understand the charges he faced, despite learning of them late in the proceedings, nor does evidence exist that Best did not knowingly and voluntarily enter a plea of guilty. Again, Best's "buyer's remorse" allegations are bereft of evidentiary support and do not suffice to undo his sworn, guilty plea. Best's pre-plea claim is therefore barred by his waiver of rights. *Tollett*, 411 U.S. at 267.

For these reasons, it is **RECOMMENDED** that Best be **DENIED** habeas review for **CLAIM 3**.

### C. Certificate of Appealibility.

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned finds that Best should be DENIED a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right.[16]

### D. Appeal In Forma Pauperis.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o

---

[16]     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 U.S. Dist. LEXIS 54587, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 U.S. Dist. LEXIS 54465, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 U.S. Dist. LEXIS 106920, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report [*14] & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 U.S. Dist. LEXIS 106921, 2010 WL 3943699 (N.D. Oct. 5, 2010).

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Best in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[17]

---

[17]    Should the Court deny leave to appeal *in forma pauperis*, the petitioner may file amotion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## IV.    CONCLUSION

In accordance with the forgoing analysis, it is **RECOMMENDED** that Best's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 5) be **DENIED** and **DISMISSED** with prejudice; that the Court find Best not entitled to either a certificate of appealability or to appeal *in forma pauperis*; and that final judgment be entered  accordingly in favor of the Respondent.

**DONE** this the 3ʳᵈ day of March 2021.


*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.